UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
In the Matter of

    RICHARD SOKOLOFF,

                      Debtor.
------------------------------------------------------X

Return Date: August 5, 2020
Time: 9:30 a.m.


Chapter 7
Case No. 818-71654-reg

## TRUSTEE'S LIMITED OPPOSITION TO DEBTOR'S MOTION FOR AN ORDER AUTHORIZING AND DIRECTING THE CHAPTER 7 TRUSTEE TO MAKE AN INTERIM DISTRIBUTION

        Kenneth Kirschenbaum, Chapter 7 Trustee (the "Trustee"), for the estate (the "Estate") of

Richard Sokoloff (the "Debtor") by and through his counsel, Kirschenbaum & Kirschenbaum,

P.C., as and for his limited opposition to the Debtor's motion (the "Motion"), which seeks an

order authorizing and directing the Trustee to make an interim distribution, respectfully represents

and states as follows:

        1.   This case was commenced by the Debtor on March 14, 2018 upon the filing of a

voluntary petition for relief pursuant to Chapter 13 of title 11 of the United States Code (the

"Bankruptcy Code").  On June 22, 2018, the Debtor filed a Notice of Voluntary Conversion,

converting this case from one under Chapter 13 to a case under Chapter 7.  Upon the conversion,

Kenneth Kirschenbaum was appointed Chapter 7 interim trustee.  He qualified and, thereafter,

became the permanent Chapter 7 Trustee, in which capacity he has continued to serve to date.

        2.   In short, the Trustee has no objection to the entry of an order "authorizing" him to

make the interim distribution as requested by the Debtor.  However, for the reasons set forth

below, the Trustee does object to the entry of an order "directing" him to make the interim

distribution as requested.

        3.   Upon his appointment the Trustee learned that the Debtor, who is an attorney, operated

a debt collection and law practice (the "Business") as a sole proprietorship. As such, upon

conversion, the Business and all assets used in connection with the operation of the Business

(collectively, the "Business Assets") became property of the bankruptcy Estate.

4.  Following the conversion, the Debtor informed the Trustee of his desire to continue to

operate the business. Negotiations between the Trustee and the Debtor ensued, which ultimately

resulted in an offer by the Debtor to purchase the Trustee's interest in the Business and the

Business Assets in monthly installments over time for a sum which the Trustee deems sufficient

to make a 100% distribution to all general unsecured creditors with filed and allowed claims after

payment of all administrative fees and expenses, but not to exceed the sum of $270,000.00. A

written stipulation (the "Stipulation") memorializing the proposed sale was executed by the

Trustee and the Debtor, and the Trustee thereafter sought bankruptcy court approval of the

Stipulation upon notice to all creditors and parties in interest. Pursuant to a bankruptcy court

order entered on September 24, 2018, the Court authorized the sale of the Business and the

Business Assets to the Debtor in accordance with the terms and conditions set forth in the

Stipulation.

5.  To date, the Debtor has paid the Trustee the sum of $187,500.00 in accordance with the

terms and conditions set forth in the Stipulation. Based upon these payments, the Debtor is now

seeking to have the Trustee satisfy the unsecured priority claims filed by: (a) the Department of

the Treasury - Internal Revenue Service (the "IRS") in the sum of $61,167.63; and (b) the New

York State Department of Taxation & Finance ("NYS") in the sum of $13,620.55.

6.  In support of his application, the debtor conclusively states that, "To the best of the

Debtor's knowledge, the Trustee has on deposit in his account the sum of $187,500.00, which is

2

more than sufficient to satisfy the priority tax claims and also set aside substantial general funds for [unsecured] creditors and the Trustee's Chapter 7 administrative claim."   However, the Debtor did not set forth sufficient facts or representations as to how he reached that conclusion, other than the fact that the Trustee has received a sum of money which exceeds the aggregate amount of the priority claims filed by the IRS and NYS.

7.   The Trustee's issue with the relief requested by the Debtor is not based upon what is currently known but, rather, what is not known.  Based upon the known facts, the Trustee anticipates that the aggregate amount of the administrative fees and expenses which will be sought by the Trustee and his counsel will be a relatively small percentage of the Estate.  The Trustee also anticipates that, if the administrative claims of the Trustee and his counsel are the only administrative claims filed upon the full administration of the Estate, there will be sufficient funds following payment of the administrative and priority claims to make a 100% distribution to general unsecured creditors who currently have filed and allowed claims, and that the Trustee will even be able to deem the Debtor's debt collection and law practice fully administered prior to receiving the maximum cap of $270,000.00 from the Debtor.   However, what the Trustee does not know is whether any other administrative claims will be filed prior to the full administration of the Estate, and the Trustee has not received sufficient assurances from the Debtor that there is no legal basis upon which any other party could seek to have an administrative claim allowed.

8.   As a general rule, chapter 7 trustees make no distributions to creditors until they have liquidated the estate assets and filed a final account; a report evidencing facts from which the court can find and make a final determination that there are no administrative tasks remaining to be completed.  This is done because the chapter 7 trustee is required under Section 726 of the

3

Bankruptcy Code to make a pro rata distribution to creditors holding similar claims. In order to comply with the statute the Trustee must determine that there will be sufficient funds to pay the administrative claims and expenses in full prior to making an interim distribution to the priority creditors.

9. While the Trustee is not disputing the Court's authority to "authorize" the Trustee to make the interim distribution being requested by the Debtor, the Trustee is requesting that the Court deny the Motion to the extent it seeks an order "directing" the Trustee to make the interim distribution in the absence of appropriate assurances and representations that there will be sufficient remaining funds in the Trustee's Estate account to pay all administrative claims and expenses following the requested distribution. Moreover, if the requested distribution is authorized by the Court, it should be left to the Trustee's business judgment to determine when to actually make the interim distribution. That determination must be based upon the Trustee's conclusion that, following the interim distribution, there will, in fact, be sufficient funds remaining in the Estate account to pay all administrative claims and expenses.

10. At this point, the Trustee does not know whether the compensation and expenses of the Trustee and his counsel (which will be relatively small) will constitute the full extent of the administrative expenses in this case. Following the conversion of this case from Chapter 13 to a case under Chapter 7 of the Bankruptcy Code, the Debtor did not file a schedule of unpaid debts incurred after the filing of the petition and before conversion of the case as required by Bankruptcy Rule 1019. While in Chapter 13, the Debtor continued to operate his Business, continued to employ people to work for him, and continued to incur financial obligations associated with the operation of his law practice and debt collection business. To date, no

4

representation has been made by the Debtor concerning the extent to which the Chapter 13 expenses have been paid.  The Trustee does not know the extent to which any other taxes, including New York State payroll taxes, which became due during that period were paid, whether any of the Debtor's employees are owed wages for services rendered to the Debtor during that period, or whether there are any other Chapter 13 administrative obligations which remain unpaid.

11.  Considering the facts known to the Trustee, he would have no objection to the Court granting the Debtor's motion only to the extent that the Court "authorize" the Trustee to make the interim distribution, and deny the motion to the extent that the Trustee be "directed" to make the distribution.  The Trustee submits that, once authorized to make the interim distribution, he should be given the discretion to decide when to make the actual distribution, which may only occur once he receives appropriate factual representations from the Debtor.

WHEREFORE, it is respectfully requested that the relief sought by the Debtor only be granted to the extent that the Trustee shall be "authorized," but not "directed," to make the distribution requested by the Debtor.

Dated: Garden City, New York
     July 29, 2020

KIRSCHENBAUM & KIRSCHENBAUM, P.C.
*Attorneys for the Trustee*


By: **s/ Steven B. Sheinwald**
    Steven B. Sheinwald
    200 Garden City Plaza, Suite 315
    Garden City, New York  11530
    (516) 747-6700